Marshall E. Livingston, J.
This is a motion and a cross motion for summary judgment in an action brought by plaintiff relating to the interpretation of section 35-a of the Social Services Law.
Defendant, since July 1, 1967, has been known as the State Department of Social Services, pursuant to section 4 of chapter 728 of the Laws of 1967, and I accordingly, on my own motion, amend the title of the action and the pleadings to conform to the proper title of this department.
Plaintiff has been the owner, since 1952, of the Clinton Sanitarium, a private proprietary convalescent home located in the City of Rochester, New York. *•
Section 35-a of the Social Welfare Law (now Social Services Law) was enacted in chapter 589 of the Laws of 1956. This section in part restricted the operation of private proprietary convalescent homes, such as the plaintiff owns, after June 30, 1956. The pertinent part of the section states: “ § 35-a. Private proprietary nursing homes, convalescent homes and homes for adults; special provisions. In order more effectively to assure that the life, health, safety and comfort of persons cared for in private proprietary facilities will be adequately protected and promoted and that such persons will receive the kind and quality of care, supervision and attention required by reason of their condition: * * *
“ 2. Except as herein provided, after June thirty, nineteen hundred fifty-six no person shall operate any facility as a private proprietary convalescent home. A person who is operating a private proprietary convalescent home on such date in compliance with applicable provisions of law, rules of the board and regulations of the department may continue to operate the same after such date, provided, and only so long as, such compliance continues. Such provisions of law shall include, but shall not be limited to, any requiring a license or permit to operate a private proprietary convalescent home or a facility, however designated or referred to, which is the equivalent thereof.”
*273 There is no substantial dispute between the parties with respect to the facts here.
It appears that on November 29, 1966, the Rochester area office of the Department of Social Welfare directed plaintiff to provide a living room on the first floor, with comfortable chairs, good lighting, and as many means of diversion as are possible for patients at the Clinton Sanitarium no later than December 15, 1966. Plaintiff vacated a room on the first floor for this purpose, and this reduced the capacity of the convalescent home by three beds.
Then on January 10, 1967, a similar direction was made regarding a living room for use by patients on the second floor of the home to be ready by January 23,1967. This again reduced the available bed capacity, so that since that time, the Clinton Sanitarium has had a capacity of 22 patients.
Thereafter, on February 15, 1967, plaintiff requested that the defendant grant her permission to enclose the existing front porch at the Clinton Sanitarium for use as a “ more proper and suitable ” recreation area and to reconvert the rooms previously changed over, back into rooms for patients. This request was denied by the department and its legal counsel.
Defendant’s interpretation of section 35-a of the Social Services Law is that it has prohibited, since June 30,1956, the establishment of any new proprietary convalescent homes in the State and that enclosing the porch would, in effect, permit the expansion of the patient capacity and constitute a violation of section 35-a.
Because subdivision 5 of section 35-a of the Social Services Law provides, ‘ ‘ Any person who violates the provisions of this section shall be guilty of a misdemeanor ’ ’, plaintiff brings this action seeking judgment as follows:
“ 1. That it be adjudged and established that plaintiff has the right to improve, by way of expansion and remodeling her present facilities to meet new standards and regulations of the Department of Social Welfare.
‘ ‘ 2. That it be adjudged and established that plaintiff has the right to remodel and improve and expand her present facilities to allow occupancy to at least twenty-eight (28) convalescents, the number authorized on June 30, 1956, the date of the statute limiting new facilities.
“ 3. That it be adjudged and established that Section 35-a of the Social Welfare Law restricts only the operations of new facilities and in no way restricts expansion of those facilities which were allowed to continue beyond June 30, 1956.
*274 ‘ ‘ 4. That it be adjudged and decreed that the application of the statute in the manner attempted by defendant is burdensome, unreasonable, confiscatory, and constitutes a taking of plaintiff’s property without just compensation, and, as such, is unconstitutional. ’ ’
The Regulations of the Department of Social Services provide as follows (18 NYCRR 477.1):
‘ ‘ Facilities in each private convalescent home, proprietary or nonprofit shall include:
“ (a) bedrooms adequately ventilated and lighted and above the ground level;
“ (b) beds spaced at least three feet apart;
“(c) suitable and adequate toilet and bathing facilities;
“(d) adequate living and dining rooms for ambulatory patients ;
“(e) adequate arrangements for sterilizing or disinfecting equipment;
“ (f) isolation rooms with separate toilet facilities as needed to care for patients with infectious conditions, mental disturbances, or terminal illnesses;
“(g) provisions for clothes closets or individual lockers.”
These regulations were published November 20,1962, and thus are not ‘ ‘ new ’ ’, as suggested by the plaintiff.
I cannot say the directives to the plaintiff from the Rochester area office were arbitrary or unreasonable. True, the plaintiff was given only about two weeks to comply in each instance; however, since November 20, 1962, subdivision (d) of section 477.1 of the Regulations of the Department of Social Services has required private convalescent homes to furnish “ adequate living and dining rooms for ambulatory patients ’ ’. The fact that the Rochester area office did not get around to directing the plaintiff to comply with this regulation until late 1966 does not relieve the necessity of compliance.
The affidavit of Felix Infausto, the long-time Secretary of the State Board of Social Welfare and Counsel for the State Department of Social Services, submitted by defendant, is unchallenged and spells out the history behind the enactment of chapter 589 of the Laws of 1956, which is section 35-a of the Social Services Law in its entirety.
By reason of the “ grandfather ” clause in the section, the plaintiff here, then operating in compliance with the “ rules of the board and regulations of the department ”, was permitted to continue “ provided, and only so long as, such compliance continues ”. Such continued compliance must, of course, take *275 into account amendment of the regulations by the department from time to time, as conditions require.
The applicable part of section 35-a of the Social Services Law plainly says that there shall be no more private convalescent homes established after June 30, 1956. Existing homes were allowed to continue to operate, but because it was intended to phase out the convalescent homes, it was contemplated they would “ disappear by attrition ”, as Mr. Infausto says in his affidavit.
It is significant that section 35-a of the Social Services Law provides that a violation thereof shall be a misdemeanor, and subdivision 6 thereof provides this court with broad injunctive powers to enjoin any violations or threatened violations of the section, the rules of the board or the regulations of the department, and no security on the part of the people of this State is required.
This section certainly gives the State Department of Social Services autonomous control over private proprietary nursing homes, convalescent homes and homes for adults. The preamble to the section spells out the legislative intent, and it is not unconstitutional (cf. Smith v. Smith, 174 App. Div. 473).
The operation of convalescent or nursing homes bears a close relationship to health and welfare of members of a community as well as of the community itself, and the licensing and regulating of such homes is a valid exercise of the police power (Matter of Attoma v. State Dept. of Social Welfare, 26 A D 2d 12; see, also, 97 ALR 2d 1187).
Were the plaintiff here to be permitted to remodel or expand her property so as to increase or re-establish her former bed capacity, she might just as well be permitted to add on, tear down or rebuild her facilities. This would be in contravention of the intent of the section.
Plaintiff’s motion for summary judgment is denied.
Defendant is entitled to summary judgment, without costs, in its favor, declaring that section 35-a of the Social Services Law contains no authority for the expansion of existing private, proprietary convalescent homes; that the legislative intent in enacting subdivision 2 of section 35-a of the Social Services Law was to close, or ‘6 phase out ’ ’, gradually, the facilities in existence on June 30, 1956, and therefore, by implication, no expansion of such facilities is permissible; and that the plaintiff is not entitled to expand the facilities at the Clinton Sanitarium by building a porch enclosure, or by any other means, for the purpose of increasing the number of convalescents presently being cared for therein.